

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00058-CR

JARELL MARQUIS BELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Red River County, Texas
Trial Court No. CR03388

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Police officers uncovered a large quantity of drugs after executing a search warrant on Jarell Marquis Bell's home. As a result, a Red River County jury found Bell guilty of possession of methamphetamine, in an amount of four hundred grams or more, in a drug-free zone. For that first-degree-felony offense, the jury assessed a sentence of eighty-five years' imprisonment and a $200,000.00 fine after it also found the State's punishment-enhancement allegation to be true. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(f) (Supp.). On appeal, Bell argues that the evidence was legally insufficient to show that the offense was committed in a drug-free zone. He also argues that the trial court erred by admitting various Google maps containing distances from Bell's home to a nearby school.

We find that legally sufficient evidence supported the jury's drug-free-zone finding. We further find that Bell was unharmed by the admission of the Google maps because he failed to object to testimony establishing that Bell's home was within 1,000 feet of a nearby school. Consequently, we affirm the trial court's judgment.

I.    **Legally Sufficient Evidence Supported the Finding that the Offense Occurred in a Drug-Free Zone**

A.    **Standard of Review**

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found, beyond a reasonable doubt, delivery of a controlled substance in a drug-free zone in an amount of four hundred or more grams. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex.

2

App.—Texarkana 2010, pet. ref'd)). We give deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Williamson*, 589 S.W.3d at 298 (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

### B. Analysis

A person commits a first-degree-felony offense if he possesses methamphetamine in an amount of four hundred grams or more. TEX. HEALTH & SAFETY CODE ANN. § 481.115(f). Section 481.134 of the Texas Health and Safety Code, titled "Drug-Free Zones," provides that the minimum term of imprisonment for such an offense "is increased by five years and the maximum fine for the offense is doubled if it is shown on the trial of the offense that the offense was committed . . . in, on, or within 1,000 feet of the premises of a school." TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)(1) (Supp.).

The State alleged in its indictment that Bell possessed methamphetamine, in an amount of four hundred grams or more, "in, on, or within 1,000 feet of premises of a school, namely

3

Cheatham Elementary School." On appeal, Bell raises no complaint about the jury's finding that he possessed four hundred or more grams of methamphetamine. Instead, he complains only about the drug-free-zone finding.

On this matter, Paul Barrett, a special agent within the organized crime unit of the Texas Department of Public Safety, testified that drugs were found inside Bell's home located at 305 Cheatham Street in Clarksville, Texas. Without objection, Barrett testified that Bell's home was within one thousand feet of Cheatham Elementary School. Then, the State sought to introduce Exhibits 6 through 8, which were images from Google maps containing "measured distances." While Bell did not object to the physical maps, he objected to the distances shown on the maps for lack of "reliability of the distance measurements." After the trial court overruled Bell's objection, Barrett testified that the maps showed that Bell's property line was 600 feet from the school, that other measurements from different portions of both Bell's and the school's property showed a distance of 813.3 feet, and that a line showing a 1,000-foot distance demonstrated that the two properties were well within that distance.

Later during the trial, the State introduced testimony from Roosevelt Cherry, the Chief of Police for the Clarksville Independent School District Police Department. Cherry testified that he took measurements from Bell's home, which he also concluded was within 1,000 feet of Cheatham Elementary School "[a]ccording to what [he] found online." Cherry clarified that he was the person who had printed Exhibits 6 through 8 from Google's website.

"In conducting a legal sufficiency review, we '"consider[] all evidence in the record of the trial, whether it was admissible or inadmissible[,]". . . "proper or improper.""" *Richter v.*

4

*State*, 482 S.W.3d 288, 290 (Tex. App.—Texarkana 2015, no pet.) (alterations in original) (quoting *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013)). After reviewing all of the evidence in the light most favorable to the jury's verdict, we find that the Google maps admitted into evidence, combined with Barrett's and Cherry's unobjected-to testimony that Bell's home was within 1,000 feet of Cheatham Elementary School, were legally sufficient to support the jury's drug-free-zone finding. As a result, we overrule Bell's first point of error.

## II. Bell Was Unharmed by Any Error from the Admission of the Maps

In his second point of error, Bell argues that the trial court erred by overruling his objection to the distance measurements contained in Exhibits 6 through 8. "If the same or similar evidence is admitted without objection at another point during the trial, improper admission of the evidence will not constitute reversible error." *Josey v. State*, 97 S.W.3d 687, 698 (Tex. App.—Texarkana 2003, no pet.); *see Davis v. State*, 614 S.W.3d 223, 229 (Tex. App.—Texarkana 2020, no pet.) (citing *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004)). "This rule applies whether the same evidence was admitted 'without objection . . . before or after the complained-of ruling.'" *Davis*, 614 S.W.3d at 229 (quoting *Lane*, 151 S.W.3d at 193).

Here, the State introduced Exhibits 6 through 8 for the purpose of showing that Bell's home was within 1,000 feet of Cheatham Elementary School, but Bell failed to object to Barrett's and Cherry's testimony establishing the same. As a result, we conclude that any error in the admission of Exhibits 6 through 8 was cured by Barrett's and Cherry's unobjected-to testimony.

5

We overrule Bell's last point of error.

## III.    Conclusion

We affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:    December 16, 2024
Date Decided:    January 27, 2025

Do Not Publish

6